**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

JOHN **WITKOWSKI** and
SANDRA **DJURIC-WITKOWSKI**,

       Plaintiffs,

       v.

**UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES**, JOHN F.
**KELLY**, Secretary, United States
Department of Homeland Security;
JEFFERSON B. **SESSIONS** III, Attorney
General of the United States; JAMES
**MCCAMENT**, Acting Director, United
States Citizenship and Immigration
Services; KATHY **BARANOWSKI**, Acting
District Director, United States Citizenship
and Immigration Services Tampa District;
WENDY **WILCOX**, Field Office Director,
United States Citizenship and Immigration
Services, West Palm Beach, Florida;
JAMES B. **COMEY**, Director, Federal
Bureau of Investigation,

       Defendants.

_____/

CASE NO.

JUDGE:

MAGISTRATE JUDGE:

## COMPLAINT FOR DECLARATORY, INJUNCTIVE AND MANDAMUS RELIEF

    **COME NOW** the Plaintiffs, JOHN WITKOWSKI and SANDRA DJURIC-WITKOWSKI, by and through their undersigned counsel and hereby sue Defendants and allege as follows:

    1.    This is an action seeking declaratory, injunctive and mandamus relief from Defendants' failure to adjudicate Plaintiff JOHN WITKOWSKI's (hereinafter referred to as "WITKOWSKI") Petition for Alien Relative (Form I-130) as well as Plaintiff SANDRA

DJURIC-WITKOWSKI's (hereinafter referred to as "DJURIC-WITKOWSKI") Application to Register Permanent Residence or Adjust Status (Form I-485).

2. Defendants, the U.S. Secretary of Homeland Security, U.S. Attorney General, the Director of U.S. Citizenship and Immigration Services (USCIS), the USCIS District Director for the Tampa District, the Field Office Director for the West Palm Beach, Florida, USCIS Field Office, and the Director of the Federal Bureau of Investigation (FBI) are charged by law with the statutory obligation to adjudicate I-130 petitions and I-485 applications for naturalization.

3. This action arises under the United States Constitution and the Immigration and Nationality Act of 1952, 8 U.S.C. § 1101 *et seq.* (INA), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 1570. This Court has jurisdiction over this petition for a Writ of Mandamus under 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1346 (United States Defendant); the Mandamus Act, 28 U.S.C. § 1361 (jurisdiction to compel an officer to perform a duty owed to Plaintiff); the Administrative Procedure Act (APA), 5 U.S.C. § 555(b), 5 U.S.C. § 702 (Administrative Procedure Act waiver of sovereign immunity); 5 U.S.C. § 704 (no other adequate remedy) and 5 U.S.C. § 706 (compel agency action unlawfully withheld or unreasonably delayed).

4. Declaratory judgment is sought pursuant to 28 U.S.C. § 2201 (creation of remedy) and 28 U.S.C. § 2202 (further relief).

## **VENUE**

5. Venue is proper in this district under 28 U.S.C. § 1391(b); 28 U.S.C. § 1391(e)(1) (United States defendant resides in this district); 28 U.S.C. § 1391(e)(2) (cause of action arose in this district) and 28 U.S.C. § 1391(e)(4) (Plaintiffs resides in this district and no real property is

2

at issue) because the USCIS West Palm Beach Field Office has jurisdiction to adjudicate Plaintiff WITKOWSKI's I-130 Petition and Plaintiff DJURIC-WITKOWSKI's I-485 Application.

## PARTIES

6.     Plaintiff WITKOWSKI is a citizen of the United States of America and resides in Palm Beach County, Florida.

7.     Plaintiff DJURIC-WITKOWSKI is a citizen of Serbia and resides in Palm Beach County, Florida. The Defendants have assigned her Alien Registration No. A210 145 805.

8.     Plaintiffs bring suit against USCIS as it is the agency responsible for administration of the INA, 8 U.S.C. § 1101 *et seq.*, including the statutory obligation to adjudicate immigration benefits.

9.     Plaintiffs bring suit against Defendant John F. Kelly in his official capacity as the Secretary of the Department of Homeland Security. In that capacity, he is responsible for the administration and enforcement of the immigration laws.

10.    Plaintiffs bring suit against Defendant Jefferson B. Sessions III in his official capacity as the Attorney General of the United States. In that capacity, he is responsible for the administration and enforcement of the immigration laws.

11.    Plaintiffs bring suit against Defendant James McCament in his official capacity as the Acting Director of USCIS, an agency of the Department of Homeland Security. In that capacity, he is responsible for the administration of USCIS and the implementation of the immigration laws of the United States.

12.    Plaintiffs bring suit against Defendant Kathy Baranowski in her official capacity as the Acting Director of the USCIS Tampa, Florida district which controls Defendants' local

USCIS West Palm Beach Field Office. In that capacity, she is responsible for the adjudication of the Plaintiffs' I-130 Petition and I-485 Application.

13.     Plaintiffs bring suit against Defendant Laura Castillo in her official capacity as the Field Office Director the USCIS West Palm Beach Field Office. In that capacity, she is responsible for the adjudication of the Plaintiffs' I-130 Petition and I-485 Application.

14.     Plaintiffs bring suit against Defendant James B. Comey, in his official capacity as the FBI Director. In that capacity, he is responsible for the processing and completion of background checks that Defendants use when adjudicating I-130 petitions and I-485 applications.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

15.     No exhaustion requirements apply to Plaintiffs' complaint. Defendants owe a duty to Plaintiffs to adjudicate their I-130 Petition and I-485 Application which Plaintiffs duly filed with Defendants. Defendants have failed to adjudicate Plaintiffs' I-130 Petition and I-485 Application. Plaintiffs have no other adequate remedy available for the harm they seek to redress, Defendants' failure to process the Plaintiffs I-130 Petition and I-485 Application

## STATEMENT OF THE FACTS

16.     On or about August 20, 2013, Plaintiff WITKOWSKI filed an I-130 Petition with Defendants. *See* Exhibit No. 1.

17.     On or about August 20, 2013, Plaintiff DJURIC-WITKOWSKI filed an I-485 Application with Defendants. *See* Exhibit No. 2.

18.     Pursuant to INA § 204, 8 U.S.C. § 1154 and INA § 201(b)(2)(A)(i), 8 U.S.C. § 1151(b)(2)(A)(i), a United States citizen is eligible to file a petition to classify his or her alien spouse as an immediate relative. As the United States citizen spouse of an alien, Plaintiff

WITKOWSKI is eligible to file an I-130 petition on behalf of his spouse, Plaintiff DJURIC-WITKOWSKI.

19.     To be eligible for adjustment of status pursuant to the regular procedures found at INA § 245, 8 U.S.C. § 1255, an applicant must have been inspected and admitted or paroled, a visa number must be immediately available at the time of filing, the applicant must make the adjustment application, and the applicant must be admissible and eligible under INA §§ 245 (c) and (d); 8 U.S.C. §§ 1255(c) and (d). As the immediate relative spouse of a United States citizen who had been inspected and admitted, Plaintiff DJURIC-WITKOWSKI has at all times material hereto been eligible for adjustment of status.

20.     On or about September 24, 2014, Defendants issued Plaintiffs a Request for Evidence and Notice of Intent to Deny ("RFE/NOID") Plaintiff WITKOWSKI's I-130 Petition filed with Defendants naming Plaintiff DJURIC-WITKOWSKI as the Beneficiary/Applicant.[1] Defendants claimed that the Adam Walsh Child Safety and Protection Act of 2006, Pub. L. No. 109-248, barred Plaintiff WITKOWSKI from filing an I-130 Petition. *See* Exhibit No. 3.

21.     On or about December 18, 2014, Plaintiffs, by and through undersigned counsel, submitted their timely Response to Defendants' RFE/NOID to Defendants, and therein requested that Plaintiff DJURIC-WITKOWSKI be scheduled for a final interview concerning her pending I-485 Application. *See* cover letter for response with delivery confirmation at Exhibit No. 4.

22.     Defendants have failed to adjudicate Plaintiffs' pending application and petition.

23.     Defendants owe Plaintiffs the duty to process their petition and application in a timely manner. Though Defendants can deny Plaintiffs' petition and application, the duty to adjudicate these applications is not discretionary.

---

[1] Plaintiffs previously filed an I-130 Petition and I-485 Petition with USCIS. USCIS denied the I-130 Petition, finding that Plaintiff WITKOWSKI was ineligible to file an I-130 Petition pursuant to the Adam Walsh Child Safety and Protection Act of 2006, Pub. L. No. 109-248.

24.     While there is no statutory deadline is imposed for adjudication of Plaintiffs' applications, the APA imposes on Defendants the duty to act on Plaintiffs' petition and application within a reasonable time period. 5 U.S.C. § 555(b). *See also Nyaga v. Ashcroft*, 186 F.Supp.2d 1244 (11th Cir. 2002); *Yu v. Brown*, 36 F.Supp.2d 922 (D. N.M. 1999); *Forest Guardians v. Babbit*, 131 F.3d 1309 (10th Cir. 1998); *Fraga v. Smith*, 607 F. Supp. 517 (D. Or. 1985); *Singh v. Ilchert*, 784 F.Supp. 759 (N.D. Cal. 1992).

## CLAIMS FOR RELIEF

## COUNT I

## DEFENDANTS HAVE FAILED TO ADJUDICATE PLAINTIFFS' I-130 PETITION AND I-485 APPLICATION

25.     Paragraphs 1 through 23 are repeated and re-alleged as though fully set forth herein.

26.     Plaintiff DJURIC-WITKOWSKI's I-485 Application has been pending for more than three years. Plaintiff WITKOWKSI's I-130 Petition has been pending for more than three years. Defendants have willfully and unreasonably delayed the adjudication of Plaintiffs' I-485 Application and I-130 Petition. This delay and refusal has resulted in damage to Plaintiff DJURIC-WITKOWSKI as it deprives her of the benefit of becoming a lawful permanent resident of the United States based on her marriage to Plaintiff WITKOWSKI and the benefit of peace of mind.

27.     Defendants delay and refusal to adjudicate the Plaintiffs' application and petition further harms the Plaintiffs. Defendants are depriving Plaintiff DJURIC-WITKOWSKI of the status of a lawful permanent resident during the interminable pendency of her application. Plaintiff DJURIC-WITKOWSKI seeks to fully integrate into American life, society and culture. Naturalization as an American citizen, with the rights and privileges inherent therein, depends

upon prior permanent resident status for at least three (3) years. INA § 319(a); 8 U.S.C. § 1430(a). Defendants are depriving Plaintiff DJURIC-WITKOWSKI of the right to accumulate the requisite time as a permanent resident before she is eligible to apply for naturalization as a direct result of Defendants' failure to timely adjudicate her I-485 Application.

28.     Defendants' refusal to act in this case, as a matter of law, is arbitrary and not in accordance with law and regulations.

29.     Defendants owe the Plaintiffs the non-discretionary duty to act upon their applications and have unreasonably failed to perform that duty. *See Independence Mining Co. v. Babbitt*, 105 F.3d 502, 507 n.6 (9th Cir. 1997) (explaining that the government has a general, non-discretionary duty to process applications).

30.     Plaintiffs have made several requests to determine the status of their applications and the delays associated with their approval, all to no avail. Accordingly, Plaintiffs have been forced to retained undersigned counsel to pursue the instant action.

## COUNT II

## VIOLATION OF THE APA

31.     Paragraphs 1 through 23 are repeated and re-alleged as though fully set forth herein.

32.     Defendants have violated the APA, 5 U.S.C. § 701 *et seq.* in that they: (a) have unlawfully withheld and unreasonably delayed agency action to which the Plaintiffs are entitled and (b) have taken action that is arbitrary and capricious, an abuse of discretion, and not in accordance with law by failing to carry out the adjudicative functions delegated to them by law.

33.     Moreover, the APA imposes on the Defendants the duty to act on Plaintiffs' petition and application within a reasonable time period. 5 U.S.C. § 555(b). *See also Nyaga v.*

*Ashcroft*, 186 F.Supp.2d 1244 (11th Cir. 2002); *Yu v. Brown*, 36 F.Supp.2d 922 (D. N.M. 1999); *Forest Guardians v. Babbit*, 131 F.3d 1309 (10th Cir. 1998); *Fraga v. Smith*, 607 F. Supp. 517 (D. Or. 1985); *Singh v. Ilchert*, 784 F.Supp. 759 (N.D. Cal. 1992).

34.     Plaintiffs have made several requests to determine the status of their petition and application and the delays associated with their approval, all to no avail. Accordingly, Defendants conduct has forced Plaintiffs to retained undersigned counsel to pursue the instant action.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiffs JOHN WITKOWSKI and SANDRA DJURIC-WITKOWSKI, pray that this Honorable Court grant them the following relief:

1.     Accept jurisdiction over this action.

2.     Declare as agency action unlawfully withheld and unreasonably delayed, pursuant to 5 U.S.C. § 706(1), Defendants violation of 5 U.S.C. § 706(1), 8 U.S.C. § 1447(b), 8 U.S.C.§ 1448(d), 8 C.F.R. § 335.3 and 8 C.F.R. 337.2(a) in failing to make a determination on Plaintiffs' I-130 Petition and I-485 Application and failing to notify Plaintiffs of whether their application and petition have been granted or denied.

3.     Declare as agency action that is arbitrary and capricious, an abuse of discretion, and not in accordance with law pursuant to 5 U.S.C. § 706(1), the Defendants violation of 5 U.S.C. § 706(1) in failing to make a determination on Plaintiffs' I-130 Petition and I-485 Application.

4.     Issue a preliminary and permanent injunction pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1) compelling the Defendants to make a determination pursuant to 8 U.S.C § 1186a and 8 C.F.R. § 216.

5.      Issue a mandamus order requiring Defendants to adjudicate Plaintiffs' I-130 Petition and I-485 Application in a timely manner.

6.      Award Plaintiffs reasonable costs and attorneys fees as a result of bringing this action.

7.      Grant such further relief as Plaintiffs may request and/or this Honorable Court deems just and proper under the circumstances.

Respectfully submitted,

Andrew W. Clopman, P.A.
Attorney for Plaintiffs
123 SE Indian Street, Suite 101
Stuart, FL 34997
Telephone:     (772) 210-4337
Facsimile:     (772) 617-6741


By: **/s/ Andrew W. Clopman**
Andrew W. Clopman, Esq.
Florida Bar No. 0087753
aclopman@clopmanlaw.com